# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIE BRUFFEE, | ) |
| | ) |
|   Plaintiff | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| SACOR FINANCIAL, INC. | ) |
| | ) |
|   Defendant | ) |

## COMPLAINT – JURY TRIAL DEMANDED

1.    This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3.    Plaintiff, Julie Bruffee (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4.    Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

5.      Upon information and belief and at all times relevant hereto, the principal purpose of Defendant SACOR Financial, Inc. (or "Defendant"), is the collection of debts using the mails and telephone.

6.      In fact, Defendant regularly attempts to collect debts to be due to another, including consumer debts in the State of Connecticut and maintains a collection agency license (license number 29444) with the Connecticut Department of Banking.

7.      Upon information and belief and at all times relevant hereto, Defendant is a corporation organized pursuant to the laws of the State of California, with its principal place of business in Roseville, California.  Defendant is registered as a foreign corporation with the Connecticut Secretary of State, but was not registered as a foreign corporation in Connecticut until August 27, 2015.

## FACTUAL ALLEGATIONS

8.      Beginning on or before January, 2015, Defendant initiated a campaign of harassment against Plaintiff.

9.      The Defendant's actions concerned an alleged Judgment arising out of an alleged consumer debt.  The Judgment was from the Commonwealth of Massachusetts.

10.     The Plaintiff, upon information and belief, had no prior knowledge of the alleged consumer debt or Judgment prior to the campaign of harassment initiated by the Defendant against the Plaintiff.

11.     Almost nine years after the purported Judgment, on or about February 4, 2014, the Plaintiff received a letter from the Defendant's Connecticut counsel demanding payment of $2,169.28.

12.     The February 4, 2014 letter, hand-signed by Defendant's Connecticut counsel (an agent of the Defendant), constituted an admission by the Defendant that the Plaintiff allegedly owed only the sum of $2,169.28 to the Defendant.  The least sophisticated consumer receiving such a letter would reasonably believe that the amount owed was $2,169.28, as no allusion was made to any other amounts due and owing.  Attached hereto and made a part hereof is a true and accurate copy of the February 4, 2014 letter annexed as Exhibit "**A**."

13.     The sum of $2,169.28, ironically, is also the sum that the Defendant seeks to collect as part of its lawsuit brought against the Plaintiff.  Of particular importance with respect to the Defendant's Connecticut Superior Court pleading is the fact that both the Defendant's Complaint and Revised Complaint ask the Connecticut court to impose Massachusetts' pre-judgment interest, which the Connecticut court cannot do as a matter of law.  Attached hereto and made a part hereof is

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

a true and accurate copy of Defendant's Complaint and Revised Complaint against Plaintiff annexed as Exhibits "**B**" and "**C**."

14.     Nonetheless, by letter received by Plaintiff or about January 6, 2015, Defendant indicated that the balance owed by Plaintiff to Defendant was allegedly $4,798.34.  Attached hereto and made a part hereof is a true and accurate copy of the January 6, 2015 letter annexed as Exhibit "**D**."

15.     On or about December 23, 2014, the Defendant initiated suit against the Plaintiff in the Superior Court of Connecticut, Judicial District of Tolland at Rockville.

16.     The Defendant did not sign any contract with MBNA America or SACOR Financial, Inc. in Connecticut.

17.     At the time of service of process of the suit and filing of the suit, the Defendant resided, and continues to reside, in Manchester, Connecticut.

18.     Manchester, Connecticut is situated within the Hartford Judicial District, not the Tolland Judicial District.

19.     This fact notwithstanding, the Defendant filed the suit in the Tolland Judicial District.

20.     Furthermore, in connection with Defendant's purported validation of the alleged debt, Defendant forwarded to Plaintiff an Affidavit of Service, which was allegedly filed as part of the 2005 Massachusetts' court action, and in which the Defendant contended that a California-licensed

process server, Bernardino Lopes of Esquire Deposition Service of Sacramento, California, effectuated "personal service" on the Plaintiff on February 7, 2005, by "personally delivering copies" to Ludlow, Massachusetts, a round trip distance of approximately 6,070 miles.  See, Exhibit "**D**."

      21.    It is unclear from Mr. Lopes' Affidavit (sworn to under penalty of perjury) exactly how Esquire Deposition Service was able to afford to charge only $50.00 for Mr. Lopes to travel over 6,000 miles round trip from California to Massachusetts; perhaps Esquire Deposition Service was an eleemosynary organization, or, perhaps more plausible, Mr. Lopes never personally served copies of anything in the Commonwealth of Massachusetts and the Affidavit was prepared as a deceptive act to attempt to collect a debt.

      22.    The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a (6).

      23.    Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt.  See, 15 U.S.C. §1692 e (2)(A).

      24.    Likewise, 15 U.S.C. §1692 i, in relevant part, provides that a debt collector may only bring a lawsuit against a consumer either: "(1) where the contract being sued upon was signed; or, (2) where the consumer resides at the time of the suit."  See, 15 U.S.C. §1692 i.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

25.     At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (See, 15 U.S.C. 1692 e).

26.     Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation. (See, 15 U.S.C. 1692 e (10)).

27.     As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

## Claims for Relief

### I.      First Count -- Defendant's Violation of 15 U.S.C. §1692 e (2)(A)

28.     Paragraphs 1-27 are re-alleged, as if fully re-stated.

29.     Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt.  See, 15 U.S.C. §1692 e (2)(A).

30.     Beginning on or before January, 2015, Defendant initiated a campaign of harassment against Plaintiff.

31.     The Defendant's actions concerned an alleged Judgment arising out of an alleged consumer debt.  The Judgment was from the Commonwealth of Massachusetts.

32.     The Plaintiff, upon information and belief, had no prior knowledge of the alleged consumer debt or Judgment prior to the campaign of harassment initiated by the Defendant against the Plaintiff.

33.     Almost nine years after the purported Judgment, on or about February 4, 2014, the Plaintiff received a letter from the Defendant's Connecticut counsel demanding payment of $2,169.28.

34.     The February 4, 2014 letter, hand-signed by Defendant's Connecticut counsel (an agent of the Defendant), constituted an admission by the Defendant that the Plaintiff allegedly owed only the sum of $2,169.28 to the Defendant.  The least sophisticated consumer receiving such a letter would reasonably believe that the amount owed was $2,169.28, as no allusion was made to any other amounts due and owing.  Attached hereto and made a part hereof is a true and accurate copy of the February 4, 2014 letter annexed as Exhibit "**A**."

35.     The sum of $2,169.28, ironically, is also the sum that the Defendant seeks to collect as part of its lawsuit brought against the Plaintiff.  Of particular importance with respect to the Defendant's Connecticut Superior Court pleading is the fact that both the Defendant's Complaint and Revised Complaint ask the Connecticut court to impose Massachusetts' pre-judgment interest,

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

which the Connecticut court cannot do as a matter of law.  Attached hereto and made a part hereof is a true and accurate copy of Defendant's Complaint and Revised Complaint against Plaintiff annexed as Exhibits "**B**" and "**C**."

36.    Nonetheless, by letter received by Plaintiff or about January 6, 2015, Defendant indicated that the balance owed by Plaintiff to Defendant was allegedly $4,798.34.  Attached hereto and made a part hereof is a true and accurate copy of the January 6, 2015 letter annexed as Exhibit "**D**."

37.    Furthermore, in connection with Defendant's purported validation of the alleged debt, Defendant forwarded to Plaintiff an Affidavit of Service, which was allegedly filed as part of the 2005 Massachusetts' court action, and in which the Defendant contended that a California-licensed process server, Bernardino Lopes of Esquire Deposition Service of Sacramento, California, effectuated "personal service" on the Plaintiff on February 7, 2005, by "personally delivering copies" to Ludlow, Massachusetts, a round trip distance of approximately 6,070 miles.  See, Exhibit "**D**."

38.    It is unclear from Mr. Lopes' Affidavit (sworn to under penalty of perjury) exactly how Esquire Deposition Service was able to afford to charge only $50.00 for Mr. Lopes to travel over 6,000 miles round trip from California to Massachusetts; perhaps Esquire Deposition Service was an eleemosynary organization, or, perhaps more plausible, Mr. Lopes never personally served

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

copies of anything in the Commonwealth of Massachusetts and the Affidavit was prepared as a deceptive act to attempt to collect a debt.

39.     Defendant's violation of 15 U.S.C. §1692 e (2)(A) constituted a violation of the FDCPA.

40.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II.  **Second Count -- Defendant's Violation of 15 U.S.C. § 1692 (e) (10)**

41.     Paragraphs 1-27 are re-alleged as if fully re-stated.

42.     15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (<u>See</u>, 15 U.S.C. 1692 e (10)).

43.     Beginning on or before January, 2015, Defendant initiated a campaign of harassment against Plaintiff.

44.     The Defendant's actions concerned an alleged Judgment arising out of an alleged consumer debt.  The Judgment was from the Commonwealth of Massachusetts.

45.     The Plaintiff, upon information and belief, had no prior knowledge of the alleged consumer debt or Judgment prior to the campaign of harassment initiated by the Defendant against the Plaintiff.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

46.     Almost nine years after the purported Judgment, on or about February 4, 2014, the Plaintiff received a letter from the Defendant's Connecticut counsel demanding payment of $2,169.28.

47.     The February 4, 2014 letter, hand-signed by Defendant's Connecticut counsel (an agent of the Defendant), constituted an admission by the Defendant that the Plaintiff allegedly owed only the sum of $2,169.28 to the Defendant.  The least sophisticated consumer receiving such a letter would reasonably believe that the amount owed was $2,169.28, as no allusion was made to any other amounts due and owing.  Attached hereto and made a part hereof is a true and accurate copy of the February 4, 2014 letter annexed as Exhibit "**A**."

48.     The sum of $2,169.28, ironically, is also the sum that the Defendant seeks to collect as part of its lawsuit brought against the Plaintiff.  Of particular importance with respect to the Defendant's Connecticut Superior Court pleading is the fact that both the Defendant's Complaint and Revised Complaint ask the Connecticut court to impose Massachusetts' pre-judgment interest, which the Connecticut court cannot do as a matter of law.  Attached hereto and made a part hereof is a true and accurate copy of Defendant's Complaint and Revised Complaint against Plaintiff annexed as Exhibits "**B**" and "**C**."

49.     Nonetheless, by letter received by Plaintiff or about January 6, 2015, Defendant indicated that the balance owed by Plaintiff to Defendant was allegedly $4,798.34.  Attached hereto

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

and made a part hereof is a true and accurate copy of the January 6, 2015 letter annexed as Exhibit "**D**."

50.     On or about December 23, 2014, the Defendant initiated suit against the Plaintiff in the Superior Court of Connecticut, Judicial District of Tolland at Rockville.

51.     The Defendant did not sign any contract with MBNA America or SACOR Financial, Inc. in Connecticut.

52.     At the time of service of process of the suit and filing of the suit, the Defendant resided, and continues to reside, in Manchester, Connecticut.

53.     Manchester, Connecticut is situated within the Hartford Judicial District, not the Tolland Judicial District.

54.     This fact notwithstanding, the Defendant filed the suit in the Tolland Judicial District.

55.     Furthermore, in connection with Defendant's purported validation of the alleged debt, Defendant forwarded to Plaintiff an Affidavit of Service, which was allegedly filed as part of the 2005 Massachusetts' court action, and in which the Defendant contended that a California-licensed process server, Bernardino Lopes of Esquire Deposition Service of Sacramento, California, effectuated "personal service" on the Plaintiff on February 7, 2005, by "personally delivering copies" to Ludlow, Massachusetts, a round trip distance of approximately 6,070 miles.  See, Exhibit "**D**."

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

56.     It is unclear from Mr. Lopes' Affidavit (sworn to under penalty of perjury) exactly how Esquire Deposition Service was able to afford to charge only $50.00 for Mr. Lopes to travel over 6,000 miles round trip from California to Massachusetts; perhaps Esquire Deposition Service was an eleemosynary organization, or, perhaps more plausible, Mr. Lopes never personally served copies of anything in the Commonwealth of Massachusetts and the Affidavit was prepared as a deceptive act to attempt to collect a debt.

57.     Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (10) constituted a violation of the FDCPA.

58.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**III.** **Third Count -- Defendant's Violation of the Connecticut Unfair Trade Practices Act**

59.     Paragraphs 1-27 are re-alleged as if fully re-stated.

60.     Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

61.     Beginning on or before January, 2015, Defendant initiated a campaign of harassment against Plaintiff.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

62.     The Defendant's actions concerned an alleged Judgment arising out of an alleged consumer debt.  The Judgment was from the Commonwealth of Massachusetts.

63.     The Plaintiff, upon information and belief, had no prior knowledge of the alleged consumer debt or Judgment prior to the campaign of harassment initiated by the Defendant against the Plaintiff.

64.     Almost nine years after the purported Judgment, on or about February 4, 2014, the Plaintiff received a letter from the Defendant's Connecticut counsel demanding payment of $2,169.28.

65.     The February 4, 2014 letter, hand-signed by Defendant's Connecticut counsel (an agent of the Defendant), constituted an admission by the Defendant that the Plaintiff allegedly owed only the sum of $2,169.28 to the Defendant.  The least sophisticated consumer receiving such a letter would reasonably believe that the amount owed was $2,169.28, as no allusion was made to any other amounts due and owing.  Attached hereto and made a part hereof is a true and accurate copy of the February 4, 2014 letter annexed as Exhibit "**A**."

66.     The sum of $2,169.28, ironically, is also the sum that the Defendant seeks to collect as part of its lawsuit brought against the Plaintiff.  Of particular importance with respect to the Defendant's Connecticut Superior Court pleading is the fact that both the Defendant's Complaint and Revised Complaint ask the Connecticut court to impose Massachusetts' pre-judgment interest,

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

which the Connecticut court cannot do as a matter of law.  Attached hereto and made a part hereof is a true and accurate copy of Defendant's Complaint and Revised Complaint against Plaintiff annexed as Exhibits "**B**" and "**C**."

67.     Nonetheless, by letter received by Plaintiff or about January 6, 2015, Defendant indicated that the balance owed by Plaintiff to Defendant was allegedly $4,798.34.  Attached hereto and made a part hereof is a true and accurate copy of the January 6, 2015 letter annexed as Exhibit "**D**."

68.     On or about December 23, 2014, the Defendant initiated suit against the Plaintiff in the Superior Court of Connecticut, Judicial District of Tolland at Rockville.

69.     The Defendant did not sign any contract with MBNA America or SACOR Financial, Inc. in Connecticut.

70.     At the time of service of process of the suit and filing of the suit, the Defendant resided, and continues to reside, in Manchester, Connecticut.

71.     Manchester, Connecticut is situated within the Hartford Judicial District, not the Tolland Judicial District.

72.     This fact notwithstanding, the Defendant filed the suit in the Tolland Judicial District.

73.     Furthermore, in connection with Defendant's purported validation of the alleged debt, Defendant forwarded to Plaintiff an Affidavit of Service, which was allegedly filed as part of the

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

2005 Massachusetts' court action, and in which the Defendant contended that a California-licensed process server, Bernardino Lopes of Esquire Deposition Service of Sacramento, California, effectuated "personal service" on the Plaintiff on February 7, 2005, by "personally delivering copies" to Ludlow, Massachusetts, a round trip distance of approximately 6,070 miles.  See, Exhibit "**D**."

74.    It is unclear from Mr. Lopes' Affidavit (sworn to under penalty of perjury) exactly how Esquire Deposition Service was able to afford to charge only $50.00 for Mr. Lopes to travel over 6,000 miles round trip from California to Massachusetts; perhaps Esquire Deposition Service was an eleemosynary organization, or, perhaps more plausible, Mr. Lopes never personally served copies of anything in the Commonwealth of Massachusetts and the Affidavit was prepared as a deceptive act to attempt to collect a debt.

75.    Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

76.    Simply, the Defendants engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

77.    A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

78.     By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

### IV.     Fourth Count -- Defendant's Violation of 15 U.S.C. § 1692 (i)

79.     Paragraphs 1-27 are re-alleged as if fully re-stated.

80.     15 U.S.C. §1692 i, in relevant part, provides that a debt collector may only bring a lawsuit against a consumer either: "(1) where the contract being sued upon was signed; or, (2) where the consumer resides at the time of the suit." See, 15 U.S.C. §1692 i.

81.     On or about December 23, 2014, the Defendant initiated suit against the Plaintiff in the Superior Court of Connecticut, Judicial District of Tolland at Rockville.

82.     The Defendant did not sign any contract with MBNA America or SACOR Financial, Inc. in Connecticut.

83.     At the time of service of process of the suit and filing of the suit, the Defendant resided, and continues to reside, in Manchester, Connecticut.

84.     Manchester, Connecticut is situated within the Hartford Judicial District, not the Tolland Judicial District.

85.     This fact notwithstanding, the Defendant filed the suit in the Tolland Judicial District.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

86.     Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 (i) constituted a violation of the FDCPA.

87.     As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## V.      Fifth Count – Fraud

88.     Paragraphs 1-27 are re-alleged as if fully re-stated.

89.     Beginning on or before January, 2015, Defendant initiated a campaign of harassment against Plaintiff.

90.     The Defendant's actions concerned an alleged Judgment arising out of an alleged consumer debt.  The Judgment was from the Commonwealth of Massachusetts.

91.     The Plaintiff, upon information and belief, had no prior knowledge of the alleged consumer debt or Judgment prior to the campaign of harassment initiated by the Defendant against the Plaintiff.

92.     Almost nine years after the purported Judgment, on or about February 4, 2014, the Plaintiff received a letter from the Defendant's Connecticut counsel demanding payment of $2,169.28.

93.     The February 4, 2014 letter, hand-signed by Defendant's Connecticut counsel (an agent of the Defendant), constituted an admission by the Defendant that the Plaintiff allegedly owed only the sum of $2,169.28 to the Defendant.  The least sophisticated consumer receiving such a letter would reasonably believe that the amount owed was $2,169.28, as no allusion was made to any other amounts due and owing.  Attached hereto and made a part hereof is a true and accurate copy of the February 4, 2014 letter annexed as Exhibit "**A**."

94.     The sum of $2,169.28, ironically, is also the sum that the Defendant seeks to collect as part of its lawsuit brought against the Plaintiff.  Of particular importance with respect to the Defendant's Connecticut Superior Court pleading is the fact that both the Defendant's Complaint and Revised Complaint ask the Connecticut court to impose Massachusetts' pre-judgment interest, which the Connecticut court cannot do as a matter of law.  Attached hereto and made a part hereof is a true and accurate copy of Defendant's Complaint and Revised Complaint against Plaintiff annexed as Exhibits "**B**" and "**C**."

95.     Nonetheless, by letter received by Plaintiff or about January 6, 2015, Defendant indicated that the balance owed by Plaintiff to Defendant was allegedly $4,798.34.  Attached hereto and made a part hereof is a true and accurate copy of the January 6, 2015 letter annexed as Exhibit "**D**."

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

96.     On or about December 23, 2014, the Defendant initiated suit against the Plaintiff in the Superior Court of Connecticut, Judicial District of Tolland at Rockville.

97.     The Defendant did not sign any contract with MBNA America or SACOR Financial, Inc. in Connecticut.

98.     At the time of service of process of the suit and filing of the suit, the Defendant resided, and continues to reside, in Manchester, Connecticut.

99.     Manchester, Connecticut is situated within the Hartford Judicial District, not the Tolland Judicial District.

100.    This fact notwithstanding, the Defendant filed the suit in the Tolland Judicial District.

101.    Furthermore, in connection with Defendant's purported validation of the alleged debt, Defendant forwarded to Plaintiff an Affidavit of Service, which was allegedly filed as part of the 2005 Massachusetts' court action, and in which the Defendant contended that a California-licensed process server, Bernardino Lopes of Esquire Deposition Service of Sacramento, California, effectuated "personal service" on the Plaintiff on February 7, 2005, by "personally delivering copies" to Ludlow, Massachusetts, a round trip distance of approximately 6,070 miles.  See, Exhibit "**D**."

102.    It is unclear from Mr. Lopes' Affidavit (sworn to under penalty of perjury) exactly how Esquire Deposition Service was able to afford to charge only $50.00 for Mr. Lopes to travel

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

over 6,000 miles round trip from California to Massachusetts; perhaps Esquire Deposition Service was an eleemosynary organization, or, perhaps more plausible, Mr. Lopes never personally served copies of anything in the Commonwealth of Massachusetts and the Affidavit was prepared as a deceptive act to attempt to collect a debt.

103.    Defendant's materially false representations made in connection with the collection of the alleged debt were made to induce Plaintiff to act.

104.    Plaintiff suffered economic damages as a proximate cause of Defendant's materially false misrepresentations.

**THE WOODS LAW FIRM, LLC**

100 PEARL STREET, 14TH FL., HARTFORD, CT 06103 ♦ TEL (860) 549-6275 ♦ FAX (860) 371-3242 ♦ RWOODS@RDW-LAW.COM
CT JURIS NUMBER 428247
CT FEDERAL BAR NUMBER: ct29447

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1.  A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2.  An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq*., as amended;
3.  All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4.  Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5.  Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6.  An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7.  An award of punitive damages.
8.  Such other and further relief as the Court deems just;

Dated at Hartford, Connecticut, this 15th day of December, 2015.

THE PLAINTIFF,
JULIE BRUFFEE

By: ___ct29447_____
Roderick D. Woods, Esq.
(ct29447)
The Woods Law Firm, LLC
100 Pearl Street
Fourteenth Floor
Hartford, Connecticut 06103
(860) 549-6275 (Tel.)
(860) 371-3242 (Fax)
rwoods@rdw-law.com
Attorney for Plaintiff, Julie Bruffee